Good morning, Your Honors. Mariana Hanna on behalf of the petitioner logs out. We wanted to start with Tan. Oh, okay, Your Honor. Because that's the order we have our materials, so thank you. Just so you know, Your Honor, we were going to sort of play it a little bit more free-flowing in terms of splitting the time. We weren't planning on splitting it 7 1⁄2, 7 1⁄2. We were hoping to take that case first only because it doesn't involve any additional issues, whereas Tan does. Well, I would like to do it in this order because I think your case might not ever get us at all to the main issue. Right. And I'd like to start by asking you, after you've identified yourself for the record, we'll get into the conversation. May it please the Court, I am Robert Jobin. I'm appearing today on behalf of the petitioner, Lian Bing Tan. Thank you. My question, I guess, must be the obvious one, which is it appears to me in this case that the Board also denied relief as a matter of discretion and that if it did so, we'd lack jurisdiction to consider that discretionary determination and we'd be unable to give your client any relief regardless of any of the other issues in the case. So why isn't that just a dismiss? I think the biggest reason for that, Your Honor, is that the Board never grappled with the issue of credibility. I guess it did grapple. It actually affirmed it. But the immigration judge, in her adverse credibility, she made an adverse credibility finding. And she simply said, testimony is incredible as it is internally inconsistent, inconsistent with her prior statement, inconsistent with witness statements. But she didn't give any examples. She didn't go on and specify how the testimony was internally inconsistent, what prior statements it was inconsistent with. What does that matter if it was a discretionary decision? You can't exercise discretion, Your Honor, until you know what the facts are. And here, the facts depend on credibility. But counsel, I think the problem that I'm struggling with, at least, and perhaps Judge Kleinfeld as well, is that if the Board exercised its discretion, if it decided as a matter of discretion that your client was not entitled to relief, that's the end of the case. We don't get to look behind that exercise of discretion and say, well, they didn't have enough information or it was a really silly exercise of discretion. We simply don't have jurisdiction over it. I think that's incorrect, Your Honor, because, again, I would say before you can exercise discretion, the judge has to assess the facts. So what we do is review it for abuse of discretion because the judge did not make the proper determinations that preceded the exercise of discretion? No. I think the threshold question is, is there substantial evidence to support the adverse credibility finding? If there is, then you would be correct in dismissing for lack of jurisdiction. But if there's not, then this case would have to go back because the exercise of discretion in this case would rest on an error of law. The error of law being that the- Let's hypothesize that it does. Let's assume for purposes of discussion that the BIA abused its discretion because it failed to make determinations necessary to the proper exercise of discretion and exercised its discretion based on an improper criteria. Let's assume the worst. Why doesn't the statutory bar on judicial review still keep us out of it? Because the statutory bar only precludes review of discretionary determinations. Adverse credibility determinations are factual questions. That's not something that's encompassed by 242a to 22b. It's just not. So as a threshold matter, the question is, did the board err in upholding an adverse credibility finding that really doesn't give any reasons, offers no reasons behind it? And if we're correct on that- It does offer reasons. You might not like them, but they offer reasons. Actually, no, Your Honor, not with respect to credibility. They offer no reasons at all. Oh, I'm sorry. I thought you meant for the exercise of discretion, which they do. With respect to the exercise of discretion, they do offer reasons, but they don't discuss any of the positive equities in this case. And the reason for that, I would assume, is that they found her testimony to be not credible. Now, the kind of ruling that you're suggesting, Your Honor, would allow an immigration judge to essentially insulate an adverse credibility finding by simply saying, well, it relates to a discretionary application for relief. That's a very dangerous thing. Well, let me ask you specifically with regard to the matters that the board did rely on for its discretionary decision. I don't read your briefing as contesting the truth of any of the facts that are listed in that section, including the 2003 conviction. And I agree with that. Those are adverse factors that the board can properly take into account. But as a legal matter, before it can exercise its discretion, it has to assess the applicant's credibility to determine whether or not her testimony can be counted in her favor. Why? Because the law is quite clear on that. I mean, there are some circumstances where it really matters whether somebody is lying. Some where it doesn't. For example, we had one yesterday where it was unclear what date the person came to the U.S. for purposes of deciding whether they filed for asylum within a year. We have case law that says they don't have to prove exactly what date. It doesn't even matter if they're lying about what date, if it's certain that it was within a year. Well, the law with respect to discretionary applications, both at the board level and in this court, is that in exercising its discretion, the board must weigh all relevant, favorable, and unfavorable factors. Before the board can weigh the favorable factors, it has to assess, are there any favorable factors? And before it can determine whether there are any favorable factors, it has to assess, well, can I credit this person's testimony? If it doesn't credit this person's testimony, it necessarily means it's not considering. If they think the woman is a serial child abuser, kicking her kid down the hall in the hospital and that sort of thing, what does it matter whether they think she's honest or dishonest in her testimony?  The board's own case law and this court's case law says that all favorable and unfavorable equities have to be considered. I get your point. There might be some circumstances that are so extreme that they're never going to exercise discretion in that person's favor. Sometimes you get a really bad criminal if you're doing criminal defense work. He's totally honest but really vicious. But they have to go through the process because you might take that person who's a horrible killer, horrible criminal, but then again he may face abominable torture and execution without proper process in his own country. So those factors have to be considered. And here, the board didn't consider those factors because they never evaluated her credibility. That's an air of law that is not insulated from review by 2.2a, 2b. I think we understand your position. Thank you. And we'll hear from the government on this case before we go to the other one. Since it's a completely discreet issue, at least so far. May it please the Court. Brianna Stripley on behalf of the respondent, the Attorney General. With regards to the Tan case, the discretionary determination of the denial of cancellation in an exercise of pure discretion deprives this court of jurisdiction. The only way that this court would have jurisdiction is with the real ID, which restored legal questions and constitutional questions. But it's not just merely enough to assert those. It has to be a colorable one. And although Petitioner in her brief asserts three specific purported legal questions, none of them are colorable. First, with regards to the bond hearing determination, Petitioner failed to exhaust this claim to the board, and therefore that's not before this court. Second, with regards to Petitioner's argument that the agency did not conduct a proper analysis under a matter of CBT, to the extent that Petitioner argues that the court failed to evaluate these factors altogether, this is simply not supported by the record. The board's decision makes clear that it evaluated Petitioner's conviction on May 6, 1998, for the corporal punishment of a three-year-old child. The board cited some medical documents that stated that an eyewitness reported her kicking her three-year-old son in the face so hard that he fell back, hit his head, slid three to four feet, and had blood splatter on the floor. The board also cited a second occurrence with the same child, which also cited some medical documents, which then specified that when he came into the hospital, his body temperature was at 87 degrees, and he was hypothermic, losing consciousness. He had to be intubated and get blood transfusions. He had lesions and bruises all over his body. This is what the court considered. The court also said that it was not offset by sufficient positive factors. The board doesn't have to give every specific reason. All that's needed is enough for this court to know that it considered him, and in this case there's sufficient discretionary reasons why the board denied this, and therefore this court lacks jurisdiction because the denial of cancellation was in pure discretion. If there's no further questions, we'll address the Reynoso-Rodriguez case next. Okay, and I'm just trying to think whether it makes more sense to have all of the rebuttal at the same time, or Mr. Jobe, would you like to rebut on this issue now? Hang on. Okay, that would be fine. Thank you. Thank you. May it please the Court, Mariana Hanna on behalf of the petitioner Rardel Rodriguez-Reynoso, and I'm also here with my co-counsel, Mr. Christy Chateau. We would argue that this case presents two issues that have already been decided by this court recently this year. The first issue was decided by Rosas Castaneda, which held that an alien producing an inconclusive record has met his burden of proof in establishing that he has not been convicted of an aggravated felony and thus is eligible for cancellation of removal. When you say inconclusive record, are you talking about the conjunctive, disjunctive issue? I am not. As an initial matter, no, I'm just speaking in general. I know, Your Honor, that an inconclusive record in general would be sufficient to meet an alien's burden of proof. The second issue is the conjunctive, disjunctive issue, and that was decided by this court in Young v. Holder, where the court indicated that where a charging document is phrased in the conjunctive, an alien need only plead to one of the acts charged in order to be found guilty, thus the alien has not pled guilty to every charge in the charging document. So in our case, the government had submitted the charging document along with the abstract, and the charging document was phrased. He was convicted of child abuse in which he got six years. It was phrased in the conjunctive, and based on Young and Rosas Castaneda's, that doesn't prove that Respondent pled guilty to every act charged in the complaint. And because it was an over-inclusive statute, it was divisible in acts that were aggravated felonies and acts that were not. And by producing the inconclusive record, the Petitioner has met his burden of proof and established that he is not guilty. If the I.J. looks at the actual case and it's a state felony and the person served 420 days, why doesn't it make sense that you ignore the Young case question about whether there's a disjunctive or a conjunctive? You say, well, she was convicted of a felony and served a year and a half in the slammer. Why doesn't it defy common sense to say you have to ignore that and go on some rhetorical chase to see if we used a conjunctive or a disjunctive in the no locus or in the guilty case? Well, Your Honor, we do have to follow the holding. Well, Your Honor, we do have to follow the Taylor categorical approach. The Petitioner was found guilty of California Penal Code Section 273A, which penalized acts which the Board and the Supreme Court have held to constitute crimes of violence and offenses that are not crimes of violence. So under that statute, an individual can be convicted of actively hurting a child, while other portions of the statute penalize persons who have permitted a child to be placed in a situation where they may be harmed. So in that situation, permitting a child to be harmed is an omission. It's not a crime of violence. And so the record has to unequivocally prove that the alien actually committed an act that would be considered a crime of violence in order for him to be removed as an aggravated felon or precluded from applying for relief as having an aggravated felony. And that's because the BIA considered only the information and the judgment, right? Yes, Your Honor. There was no more evidence in the record. And under the new Rosas-Castanedas case, a respondent does not have to produce any additional evidence. The material that constituted this State Superior Court probation report, that was not presented to the BIA, or it was presented to the BIA? It was contained in the record and submitted to the IJ, but I believe that that wasn't an issue on appeal because all the parties agreed that the pre-sentence report was not admissible under the modified categorical approach. So what you've got is both sides agreed that the statute is not categorically a crime of violence. Yes, Your Honor. Both sides agreed that the modified categorical approach was appropriate. Both sides agreed that the police report showing it in fact really was a crime of violence can't be considered and the only basis is the conjunctive disjunctive? Yes, Your Honor. That's correct. That's what comes down? That is correct. And we believe that Young is dispositive of that issue. So I don't believe that there is any other issues that need to be addressed. It is my understanding that the government is going to try to raise the Snellenberger case and argue that it's in conflict with Young. However, the panel in Snellenberger indicated that it declined to reach that issue of the issue of whether the issue in Snellenberger was whether a minute order could be used under the modified categorical approach. And the alien in that case attempted to argue that even if we looked at the minute order and the charging document together, that they were not going to be sufficient to establish that the alien committed the generic offense. However, this court held that it declined to reach that issue because the alien had waived it. So I don't think that the government can rely on Snellenberger. And aside from that, I don't believe that there's any grounds upon which the government can base any legal arguments. Thank you, Counsel. You may want to save the rest of your time for rebuttal. Just for the record, Brianna Stripley on behalf of the government and Reynosa Rodriguez. At this point, the government would like to renew its motion to hold Reynosa Rodriguez in abeyance. Why wouldn't the cleanest procedure be to decide it in accordance with existing law? And then if there is further proceeding on the other case, then this one can follow along. I mean, I don't really see the efficiency of waiting. Well, respectfully, as much as it's the government's position that currently there is conflicting law in this circuit. I didn't see the conflict. I mean, I think it was on both panels in both cases that you're relying on. So besides reading them, I remember them. And we just decided on whether that document could be considered under the modified categorical approach in our en banc. And we just rejected the government's conjunctive disjunctive argument in the three judge panel case. That was that. We purposely stayed away from everything else on the en banc that we wrote the opinion saying we were purposely staying away from it. It seemed kind of simple. So I guess you could get the Supreme Court to overturn our en banc and you could get an en banc to overturn our panel decision. But while those things are possible, neither seems likely enough to delay this case. I just don't get it. Well, respectfully, Your Honor, if the government is planning to file a petition for panel rehearing in Young. Usually the loser files a petition. Well, Your Honor, that decision, we will be challenging that Snellenberger is in direct conflict with the Young decision. Now, when that court evaluates that petition, it will decide one way or the other because that panel can rectify this tension that exists currently. But it wouldn't be a matter of judicial economy if, for example, the government does prevail on that petition for review. And I understand that. See, this happens all the time. We have lots of cases that follow on. I mean, even if Young were to go en banc, then, you know, whatever cases have relied on it in the meantime would wait at that time. I guess they can wait either before or after there's been a disposition. And I really don't understand, I guess, other than mere preference, why it matters whether it waits before or after. Well, if it waits after, it would have to involve certain refilings, which would also be clarified based off of a post decision. So in that case, it's more prudent then to have the benefit of that outcome in addressing the situation before this court. So there's an additional analysis. Let's say, for example, the court clarifies and does prevail in Young and Young remains prevailing law. At least that distinction could be raised and we would be able to have an opportunity to submit supplemental briefing to try and distinguish Young from the present case. Respectfully, we would disagree. I'm still trying to follow the Snellenberger argument. I've got Snellenberger here, and all I get out of it is that we decided on whether a minute order could be considered under Shepard and Taylor. What am I missing? What language? Well, if you turn to the paragraph where it says, together these lines establish that Snellenberger. Yeah, that's the paragraph I was looking at. Okay. And how it lists the, what's the burglary statute would be in the disjunctive. And in this case, as is similar in the instant case, both of them in Tan and Reynoso Rodriguez, Snellenberger pled to a disjunctive statute in the conjunctive. Now, were this court to hold that Young was prevailing, it would be in conflict with Snellenberger where it said, because the three noun phrases are connected by and rather than or, the charging docket and minute order, if consulted, establish that Snellenberger committed burglary of a dwelling. Now, it seems to me that Petitioner's Counsel is making an argument that this was dicta. However, dicta is defined by this court as something that is unnecessary to the decision. The Snellenberger court had to decide whether Snellenberger's conviction for burglary under CPC 459 was a crime of violence for sentencing enhancement purposes. But under that, it essentially had to evaluate and establish whether or not this was. So when we, even though all our discussion is about whether minute orders can be relied on, and even though when we say we therefore hold that district courts may rely on clerk minute orders, you think we were implicitly holding that the conjunctive disjunctive issue was resolved in favor of the conjunctive? Yes, Your Honor. Okay, now I understand. And particularly because that was needed to reach the ultimate conclusion. Because otherwise the ultimate conclusion would have been dictum itself. If it didn't matter, then there would be no point in looking at the minute order. That's your argument? Exactly. You know, the court could have assumed this point as a matter not in controversy. But it chose to address it, not only in the procurium, but also in the concurring opinion it accepted this conjunctive as pleading guilty to all the conduct therein, as opposed to the disjunctive. And so in this regard, you know, we're asking something about that, supposing that it was an open question. I recall when I was a district judge, all the charges are in the conjunctive, and the jury is always instructed that a charge can be proved in the disjunctive. In other words, the statute says it's a felony to do A or B or C. The indictment always says the defendant did A and B and C. The instructions always tell the jury you can convict him if he did A or B or C. So when a person pleads guilty, his lawyer has told him the judge is going to instruct the jury that you can be convicted if you did A or B or C. And the defendant says, well, then I may as well plead guilty because I didn't do A or C, but I did do B. Well, again, this is something that can be dealt with more in depth in the petition for panel rehearing, where the government will be arguing this more. But just to address this, you know, as a very basic measure in criminal cases, even if it is a practical matter that they do plead that way, you can always amend the pleading. You can always not plead guilty to it. Would the defendant be allowed to plead guilty only to subsection B? I didn't do A and B and C. I just did B, and therefore I'm guilty of a crime. I believe so, Your Honor. Like, for example, in this case, where it's disjunctive, the alien could have pled guilty. There's the active conduct of physically abuse, and there's also the neglect. It would still, because the statute is written in the disjunctive, plead guilty. So someone could come in and plead guilty to neglect, period. Correct. I don't know if he could. The defendant can't amend the indictment. The defendant can't amend an information. The prosecution controls the wording of the indictment or the information. And if it says the defendant beat her kid bloody and also just stood by and watched while her husband beat the kid bloody, and her lawyer tells her, look, even if you never touched the kid, if you just stood by and did nothing while your husband beat the kid bloody, you're guilty. All she can do is stand up and plead guilty or not guilty. She can't say, well, I want the indictment amended so that it just charges me with standing by and doing nothing while my husband beat the kid bloody. She doesn't control the indictment. Well, that is accurate, Your Honor. It's not out of the realm of possibility that a negotiation could be struck with the prosecutor to narrow down. The prosecutor says, I don't even want to hear it. I don't care. It's a waste of my time. I'm not going to have my secretary type another indictment. And the petitioner in that case always has the option to not plead guilty. But she is guilty. She doesn't have the option if she's just pleading on what she did. She's guilty, even if she just stood by and watched her husband beat the kid bloody. Yeah. Your Honor, respectfully, that's not the issue at this case. And that's perhaps something that needs to even bolster the reason why rehearing petition, this should be held for that, because these are issues that can be dealt with in a more elaborate level. It sort of is the issue in this case. I'm sorry, what's that? It sort of is the issue in this case. All you've got is the conjunctive disjunctive. We are fully conceding that that is the main crux of the Reynoso-Rodriguez case, but it is the government's position that standing here, I'm not sure what the law is. Maybe I missed something, but as I understand this case, all it is is she was charged in the conjunctive and she pleaded guilty. We have a case outstanding that says that that is not enough under the modified categorical approach to assume that she did both of the acts, that the statute makes criminal, and that you say that case is wrong, which maybe it is. It wouldn't be the first time, but that's all I'm getting out of the case. Is there any more to it? That is the crux of the case, but we would argue that Snellenberger guides this case to say that the board was correct. Well, we can't do that. I mean, just as a matter of sort of our court procedures, we are bound by Young, which is precisely on point even if it was wrongly decided, and that it can be fixed either by its own panel or by the en banc court if it was wrong. But we still have to follow it, and it appears that you're agreeing that Young controls. You're just saying it's wrong. Our position is that both Snellenberger, which is the en banc position, and Young, which is the recent decision but by a three-judge panel, both control, and the problem is that there's conflicting controlling binding precedent. So it's more for the benefit of the litigators to have this case held in abeyance so that we can clarify what the position is on this. Usually the traditional common law approach to binding precedents that are in tension with each other is to attempt to reconcile them. The way to attempt to reconcile them is to treat the implication you draw from Snellenberger as dicta. Well, respectfully, we would disagree that that's dicta for the reasons stated prior, which is that it was necessary to the decision, which is how this court defines dicta. It was a crucial determination. We didn't actually say what you want to say. It's implied dicta. Well, again, it was necessary to the fact that you would have to get, in order to get to the end decision, you would have to ultimately find whether that burglary of a dwelling was a crime of violence for sentence enhancement purposes, and that court had to reach that. That was the issue in the case. That finding that the conjunctive counted for all, finding him guilty for the conduct of everything therein when it was a disjunctive statute, was necessary for the analysis. This case really does turn on the conjunctive, and that's really the sole issue, but Young presents that as well as Snellenberger. You have an en banc panel, and be it prior to, but, you know, it's an en banc panel, and we, the government's position is that it effectively overruled the Malta-Espinoza case, which was relied upon by Young. Being that Snellenberger was intervening law, it would have effectively, and because it was also an en banc panel, effectively overruled the prior three-judge panel's decision about the conjunctive in Malta-Espinoza. That was the sole basis for the conjunctive determination in Young. And so because these issues are, you know, we're at a point where there are two competing decisions, one an en banc, and one, yes, more recent and maybe more specific on points of this particular case, but a three-judge panel. Regardless, as a litigator, you know, it's more just we're not sure what the position is. We understand your position, though, and you've used up your time. Thank you. And we're ready for rebuttal. We would submit that the two cases, the Young case and Snellenberger, are not competing decisions. The holding in Snellenberger is strictly related to whether the minute order can come in under the modified categorical approach. But the other was a logical predicate to that because if the disjunctive controlled, there would be no point in making the rest of the decision. Your Honor, if the charge was phrased in the disjunctive rather than the conjunctive, it would have changed the outcome of the facts, but it would not have changed the outcome of the court's holding. Well, we would never have made the holding. Or we didn't have to. I mean, the concept of dictum is something that is just almost an aside. Anything that is part of the logic chain that is specifically considered and specifically dealt with is a holding, even if it turns out to be subsidiary. So I have difficulty calling that dictum in the true sense. It's a logical predicate to getting to the rest of it because otherwise there would be no point in consulting the charging document. If we had said that the three noun phrases are connected by or, we don't have to reach the other issue in the case. That's logically what would have happened. I disagree, Your Honor. I think that the holding would have still been the same. But it would have been dictum because if looking at the charging document could not have mattered to the outcome of the case, then commentary on the charging document would have been just advisory. There wouldn't have been a real case of controversy there. But the issue within that case was just whether the minute order was a judicially noticeable document. But why would we answer that if it could not matter to the outcome of the case? It could have been. And also, well, yes, Your Honor, also that we did, as we argued earlier, that it was that issue was waived in Snellenberger. It was raised. And if you look at- That doesn't make any difference. If this Court states a legal principle, it doesn't matter whether it's well-reasoned or it wasn't well-briefed or it wasn't briefed at all. It is what it is once we've said it, isn't it? Well, Your Honor, I'd also like to point out that in Young, the Court did address the issue of Snellenberger. And if you look at footnote 14, the Court did reconcile the two cases and indicated that the case relied on by the Board in reference to Snellenberger indicated that the charge in that case was narrowed to the facts of that case. So that's how the Court reconciled the two cases. The court in- I mean, the charge in Snellenberger focused on entering an inhabited dwelling and coach and inhabited portion of building. So it was narrowed to the facts of that alien. And that was how the Court in Young was able to reconcile the two cases. So I don't believe that they're competing cases. Also, we would argue that there's a long line of Ninth Circuit case law and Board case law that indicates that an alien who pleads to a charge in the conjunctive doesn't plead to every act charged. In the matter of Espinoza, a Board case, and it indicates that an alien pleading to a conjunctively charged count doesn't plead guilty to every act. So I don't know why the Board declined to follow their own precedent in rendering a decision in our case when the case went back to it. Also, I have a long list of cases, United States- Those are in your brief, and you've exceeded your time. Yes, Your Honor. Okay, thank you. Thank you, Counsel. Mr. Job, do you want a minute for rebuttal on your case? Actually, I just want to return to this point, because it seems to me in Snellenberger the district court imposed a sentence enhancement. There was an appeal. The only issue raised on appeal was whether or not the district court properly relied on this abstracted judgment. Everything else was waived. So when this court affirmed in a per curiam decision, it was only addressing that one issue, the one issue that was raised in the opening brief, and it expressly declined to consider the other issues. It reached a result that might be inconsistent with the case law of Malta-Espinoza, but that's not particularly unusual because the lawyer waived the critical issue in that case. I understand your position. Thank you, Counsel. Thank you, Your Honor. The cases just argued are submitted, and we appreciate the somewhat up-and-down nature of what you had to do today, and all of you made very helpful arguments, which will assist us. We'll take one more case and then have a short break, just so that you can plan your time around that. And our next case for argument is Hagin v. NCR.
judges: Goodwin, Kleinfeld, Graber